UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEANNA EVERETT aka Deanna Everett Whitley,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, formerly known as American General Assurance Company, an insurance company licensed to do business in the State of Idaho pursuant to Idaho Code, Title 41,<br><br>Defendant. | Case No. 1:14-cv-00121-BLW<br><br>ORDER |

The Court's staff and counsel had an informal conference regarding the pending motions. All agreed the parties would fully brief the motion to clarify, and the Court would address that motion before determining whether additional briefing on the motion to reconsider was necessary. The motion to clarify is now fully briefed.

This Court originally granted summary judgment in favor of American General based on two separate grounds: (1) that Everett's expert, Dr. Seale, was not disclosed as

an expert, and therefore could not rebut Defendant's expert testimony about the decedent's cause of death; and (2) Everett did not submit sufficient proof of loss. The Ninth Circuit reversed and remanded the case on both grounds.

Regarding Dr. Seale, the Ninth Circuit remanded the matter back to this Court, finding that there is a genuine issue of material fact regarding when Dr. Seale formed his opinion on the cause of death, and therefore the matter should not have been decided on summary judgment.

On the proof of loss issue, the Ninth Circuit determined that the record does not reveal that American General asked for a new proof of loss. The Ninth Circuit stated that American General requested additional information, Everett submitted some but not all of the information, and American General then merely asked for more information "to complete processing the claims." The Ninth Circuit concluded that Everett gave American General authorization to do obtain three pieces of information: (1) Whitley's medical records; (2) contact information for Whitley's cardiologist, primary care physician, and surgeon; and (3) notification that her claim was that Whitley's death was caused by a car accident. The Ninth Circuit then concluded that this was sufficient to give American General "a reasonable opportunity to investigate and determine its liability," which is a sufficient proof of loss under Idaho law. *Estate of Holland v. Metro. Prop. & Cas. Ins. Co.*, 279 P.3d 80, 90 (Idaho 2012).

In its original motion for summary judgment, American General also asked the Court to grant summary judgment on the grounds that the exclusions in Whitley's policy

bar coverage, regardless of whether Dr. Seale's testimony is admitted. This Court did not address that issue in detail because it granted summary judgment on the other two grounds. However, the Ninth Circuit nevertheless determined on appeal that American General does not explain why the rule stated in *Jones v. Mountain States Telephone and Telegraph Co.*, 670 P.2d 1305 (Idaho Ct. App. 1983) would not apply to the policy exclusions. The Ninth Circuit stated that *Jones* held that "where an insurance policy requires that an accident be the sole cause of death or injury, a loss is still covered, even though a pre-existing disease may have contributed to the loss, if the accident is the dominant cause." *Jones*, 670 P.2d at 1312. Id. Thus, the Ninth Circuit declined to affirm summary judgment on that ground as well.

Under these circumstances, American General's Motion for Reconsideration/Renewed Motion for Summary Judgment is without merit. Based upon the Ninth Circuit's decision, this case must now proceed to trial. Accordingly, the Court will grant Everett's Motion to Clarify, deny American General's Motion for Reconsideration/Renewed Motion for Summary Judgment, and set a status conference for the purpose of setting a trial date.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Clarify (Dkt. 52) is **GRANTED**.
2. Defendant's Motion for Reconsideration/Renewed Motion for Summary Judgment (Dkt. 51) is **DENIED**.

3. The Court will enter a separate notice of hearing setting this case for a trial setting conference.

DATED: March 28, 2018

B. Lynn Winmill
Chief U.S. District Court Judge